# PROMULGATION OF FINANCIAL REGULATIONS PURSUANT TO 42 Pa.C.S. § 3502(A)

## 204 Pa. Code Section 29.353

### § 29.353.  General Principles.

The Supreme Court of Pennsylvania, pursuant to general authority set forth by Art. V, § 10 of the Pennsylvania Constitution, and 42 Pa.C.S. § 1721, has authorized the Court Administrator of Pennsylvania to promulgate regulations in accordance with all applicable statutory provisions pertaining to the distribution and disbursement of all fines, fees, costs, reparations, restitution, penalties and other remittances imposed and collected by the Criminal Division of the Courts of Common Pleas, Philadelphia Municipal Court, any other entity on behalf of the Court using the Common Pleas Criminal Court Case Management System (CPCMS), and the Magisterial District Courts, which use the Magisterial District Judge System ("MDJS").

These regulations are effective **[April 28, 2019]** <u>September 1, 2022</u>.

I.  Schedule for standard distribution of funds collected by the Criminal Division of the Courts of Common Pleas, Philadelphia Municipal Court, any other entity on behalf of the Court using the CPCMS, and the Magisterial District Courts, which use the MDJS.

   A.  All fines, fees, costs, reparations, restitution, penalties and other remittances imposed and collected by the Criminal Division of the Courts of Common Pleas, Philadelphia Municipal Court, any other entity on behalf of the Court using the CPCMS, and the Magisterial District Courts, which use the MDJS, shall be distributed in the following prioritized order:

   1.  The collection agency fee provided for in 42 Pa.C.S. § 9730.1 shall be paid first, but only in cases wherein the private collection agency has secured the funds from the defendant or a third party and the payment is made to the court.  No more than 25% of each payment secured from the defendant by the private collection agency may be applied towards this fee.

   2.  The **[Crime Victim's Compensation Fund and Victim Witness Services Fund] <u>Crime Victim Services and Compensation Fund</u>** shall be paid, but only in cases in which the defendant has been sentenced to incarceration, probation or is admitted into an accelerated rehabilitative disposition program (see 18 P.S. § 11.1101).  Otherwise, these costs shall be distributed in accordance with subsection (A)(6) of these regulations.

   3.  At least 50% of any additional payment shall go to restitution until it is paid in full (see 42 Pa.C.S. § 9728(g.1)).  When restitution is ordered to more than

one recipient at the same time, the court shall set the priority of payment as follows, in accordance with 18 Pa.C.S. § 1106(c)(1)(ii)(A)-(G):

i. Any individual.

ii. Any affected government agency. The term "affected government agency" is defined as the Commonwealth, a political subdivision or local authority that has sustained injury to property. The term "injury to property" is defined as loss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime. See Section 1106(h) of the Crimes Code, 18 Pa.C.S. §1106(h).

iii. The Crime Victim's Compensation Board.

iv. Any other government agency that has provided reimbursement to the victim as a result of the defendant's criminal conduct.

v. Any insurance company that has provided reimbursement to the victim as a result of the defendant's criminal conduct.

vi. Any estate or testamentary trust.

vii. Any business entity organized as a nonprofit or not-for-profit entity.

viii. Any other business entity. The term "business entity" is defined as a domestic or foreign: business corporation, nonprofit corporation, general partnership, limited partnership, limited liability company, unincorporated nonprofit association, professional association or business trust, common law business trust or statutory trust. See Section 1106(h) of the Crimes Code, 18 Pa.C.S. § 1106(h).

4. Judicial Computer Project/Access To Justice/Criminal Justice Enhancement Account**/Office of Attorney General** (JCS/ATJ/CJEA**/OAG**) Fee (see 42 Pa.C.S. §§ 3733(a.1) and 3733.1; **[71 P.S. §720.102;]** and 72 P.S. §1795.1-E).

5. Electronic monitoring fees, offender supervision fees (as set forth in 18 P.S. § 11.1102(c)), alcohol highway safety school fees, service fees (such as sheriff's fees set forth in 42 P.S. § 21101 *et seq.*, and constable's fees set forth in 44 Pa.C.S. §§ 7161 and 7161.1), transcript fees, witness fees (as provided for in 42 Pa.C.S. § 5903), and other similar fees shall be paid based upon a pro-rated formula, unless the fees are prioritized by court order or the judicial district. The Administrative Office of Pennsylvania Courts may preclude a fee from being classified as an "other similar fee." The amount of the payment allocated to each outstanding item shall be determined by dividing the outstanding balance for the individual item by the combined total of the

outstanding balances for all items. The resulting number is then multiplied by the amount of the payment to determine how much of the payment shall be allocated to the outstanding balance of the individual item involved.

For example, a defendant owes $80.00 in electronic monitoring fees, $10.00 in offender supervision fees, and $10.00 in service fees, for a total of $100.00 in outstanding fees. Defendant makes a payment of $10.00 in his/her case. To determine the amount to be allocated to electronic monitoring fees, divide the outstanding balance of the electronic monitoring fee ($80.00) by the combined total outstanding balances of all items ($80.00 + 10.00 + 10.00 = $100.00). The result in this example is .8 (80/100). Multiply the resulting figure by the amount of the payment to determine the allocation to electronic monitoring fees, which in this example is $8.00 (.8 x $10.00 = $8.00).

6. All other fines, fees, costs, reparations, penalties and other remittances, except for judgment or satisfaction fees, shall be distributed based upon a pro-rated formula. Specifically, the amount of the payment allocated to each outstanding item shall be determined by dividing the outstanding balance for the individual item by the combined total of the outstanding balances for all items. The resulting number is then multiplied by the amount of the payment to determine how much of the payment shall be allocated to the outstanding balance of the individual item involved.

For example, a defendant owes $80.00 in costs, $10.00 in fines, and $10.00 in fees, for a total of $100.00 in outstanding costs, fines and fees. Defendant makes a payment of $20.00 in his/her case. To determine the amount to be allocated to the fines, divide the outstanding balance of the fines ($10.00) by the combined total outstanding balances of all items ($80.00 + 10.00 + 10.00 = $100.00). The result in this example is .1 (10/100). Multiply the resulting figure by the amount of the payment to determine the allocation to the fines, which in this example is $2.00 (.1 x $20.00 = $2.00).

7. Fees charged by the clerk of courts, prothonotary, other entity in the county responsible for the distribution and disbursement of all fines, fees, costs, reparations, restitution, penalties, or other remittances, or the Clerk of Philadelphia Municipal Court for the entry or satisfaction of a civil judgment related to a criminal proceeding, as set forth in 42 Pa.C.S. § 1725 and 42 P.S. §§ 21042 and 21071, shall be paid last. The amount of the payment allocated to each fee shall be determined by dividing the outstanding balance for the individual fee by the combined total of the outstanding balances for both fees. The resulting number is then multiplied by the amount of the payment to determine how much of the payment shall be allocated to the outstanding balance of the individual fee involved.

For example, a defendant owes $60.00 in judgment fees and $40.00 in satisfaction fees for a total of $100.00 in outstanding fees. Defendant makes a

payment of $10.00 in his/her case. To determine the amount to be allocated to judgment fees, divide the outstanding balance of the judgment fees ($60.00) by the combined total outstanding balances of all items ($60.00 + 40.00 = $100.00). The result in this example is .6 (60/100). Multiply the resulting figure by the amount of the payment to determine the allocation to judgment fees, which in this example is $6.00 (.6 x $10.00 = $6.00).

    B.  Each payment shall be applied to a single case, unless otherwise ordered by the court.

II.  The county probation department or other agent designated to collect all fines, fees, costs, reparations, restitution, penalties and other remittances pursuant to 42 Pa.C.S. § 9728 shall use the CPCMS when performing collection-related activities.

III.  Nothing in these regulations shall be applicable to the collection and/or distribution of any filing fee that is authorized by law. Filing fees shall include but not be limited to the clerk of courts automation fee set forth in 42 Pa.C.S. § 1725.4(b).